# UNITED STATES, Plaintiff,
## *v.*
# MARIANO ROCAFORT ET AL., Defendants.

---

ACTION ON BAIL BOND.

A recognizance taken by a court without jurisdiction, or by an officer without authority, is void. If the authority has jurisdiction it is valid, even if no offense has been committed.

March 19, 1901.

---

*Mr. N. B. K. Pettingill,* United States Attorney, for United States.

*Mr. H. E. Smith* for defendants.

HOLT, Judge, delivered the following opinion:

This case, by consent, is submitted on demurrers to the pleas to the declaration. The action is upon a bail bond dated February 14th, 1900, and which recognizes the defendant Rocafort to appear in the United States provisional court for the Department of Porto Rico on March 10th, 1900. The recognizance was taken by Colonel W. A. Rafferty, commander of the post of Mayaguez, and commissioner of said court. It was to answer the alleged charge of cutting, taking, and disposing of wood from government land. The jurisdiction of this offense was then confined to the insular district courts by general mili-

United States v. Rocafort.

tary order 197, Department of Porto Rico, dated November 29th, 1899.

The general rule is that a recognizance taken by a court without jurisdiction, or by an officer without authority, is void. If acting within his jurisdiction, the bond is valid and binding, although it may appear that the information or indictment was defective, or that the offense was barred by time, or that, in fact, no offense had been committed. Here, however, it was taken by a magistrate that had no power to take it, and for appearance before a court that had no jurisdiction to try the offense. He had no power to inquire and decide if the offense charged had been committed. It is true, the giving of the recognizance secured the release of the defendant Rocafort; but he was entitled to it without giving any bond, because the officer who took it had no power to hold or try him. There was no consent, and had it been given it would not be binding upon the parties. The recognizance partakes little of the nature of a contract, and in any event there is nothing of the kind in this instance, as there was no adequate or legal consideration, and the doctrine of estoppel cannot properly be invoked.

The demurrer to the plea as amended is, therefore, overruled.